## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| FORESPAR PRODUCTS CORP., | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff E. I. du Pont de Nemours and Company ("DuPont" or "Plaintiff") states its

Complaint against Defendant Forespar Products Corp. ("Forespar" or "Defendant") as follows:

## NATURE OF THE CASE

1.      This suit arises from Forespar's blatant efforts to trade on DuPont's substantial

goodwill in the famous TEFLON® trademark through its use of the TEFLON® mark and the

confusingly similar variation, "TEF," in selling marine products—as depicted below—

notwithstanding that the company opts not to purchase fluoropolymer ingredients originating

from DuPont that could properly be sold under the TEFLON® trademark through a license:





2.      Forespar's unauthorized use of "TEF" and "TEFLON" is excessively prominent and attention-getting, suggests sponsorship or endorsement by DuPont, and does not reflect a true and accurate relationship between DuPont and Forespar's products.

3.      The prominent display of "TEF" and "TEFLON" by Forespar is likely to confuse, deceive, or mislead consumers into believing that Forespar's products originate with or are otherwise affiliated, sponsored, or endorsed by DuPont, when they are not.  To stop this consumer confusion and the resulting harm to the public and to DuPont, DuPont brings this action for trademark infringement, unfair competition, and trademark dilution.

## THE PARTIES

4.      Plaintiff DuPont is a Delaware corporation with a principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

5.      Defendant Forespar Products Corp. is a California corporation with a principal place of business at 22322 Gilberto, Rancho Santa Margarita, California 92688.

6.      Forespar is engaged in the sale of various products in the United States, including in this District, through its website at http://www.forespar.com ("Forespar's Website").

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under § 39 of the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a)(c), and under 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over DuPont's related state law claim pursuant to 28 U.S.C. §§ 1338 and 1367.

8.      This Court has personal jurisdiction over Forespar because, on information and belief, Forespar is doing business in this District, has committed tortious acts in this District, has

directed its infringing conduct into this District, and has otherwise established jurisdictionally sufficient contacts within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Forespar is doing business in, and therefore resides in, this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### The Well-Known TEFLON® Trademark

10.     DuPont is internationally known for the development, manufacture, sale, and distribution of innovative products and ingredients.  In the late 1930's, DuPont discovered a method to polymerize tetrafluoroethylene to form a fluoropolymer compound known as polytetrafluoroethylene ("PTFE").  PTFE is both slippery and chemically inert making it ideal for use in a wide variety of different products.

11.     In approximately 1944, DuPont coined the fanciful trademark TEFLON® for use in connection with PTFE and products containing PTFE.

12.     The TEFLON® trademark is used in connection with industrial additives, coatings, films, resins, yarns, fabrics, and textile and surface protection treatments.  The versatility of TEFLON® allows for almost unlimited application, including with a wide variety of goods.

13.     The TEFLON® trademark has been used by DuPont in connection with a wide array of products containing other fluorine-based polymer derivatives that prevent sticking or provide other properties, such as insulation, heat and chemical resistance, friction reduction, and providing anti-corrosive, anti-stain or water repellency attributes.  The products sold using the TEFLON® trademark range from surface and textile treatments including apparel to wiper

blades, and include not only cookware and bakeware coatings, but also home and garden products (including exterior and interior paint, and surface protector offerings for the protection of tile, glass, and stone); composite parts for electric and electronics equipment; insulation for wire, cable, tubing, hoses, and gaskets for multiple industries; fabric protectors for home textiles and bedding; greases, lubricants, and oils; friction-resistant resins for sports and recreational equipment (including tennis rackets); coatings and insulation materials for medical devices and equipment; light bulbs; personal care products (*e.g.*, hair straighteners, hair curlers, men's razors, and eyeglasses); and building and construction materials (including the coating on the Statue of Liberty).

      14.     DuPont owns at least ten registrations on the Principal Register for trademarks comprised of or incorporating the TEFLON® mark, including the following:

| Mark | Registration Date | Registration No. | Class of Goods |
|---|---|---|---|
| TEFLON | January 8, 1946 | 418,698 | 017 |
| TEFLON | May 27, 1952 | 559,331 | 002 |
| TEFLON | March 20, 1956 | 623,605 | 023 |
| TEFLON | March 31, 1959 | 676,166 | 001 |
| TEFLON | April 11, 1967 | 827,105 | 002 |
| TEFLON | January 16, 1979 | 1,111,147 | 001 |
| TEFLON | April 24, 1990 | 1,592,650 | 001 |
| TEFLON | July 30, 2002 | 2,601,355 | 012 |
| TEFLON | February 6, 2007 | 3,206,677 | 003 |
| TEFLON | March 17, 2009 | 3,590,266 | 004 |

True and correct copies of the Certificates of Registration are attached as **Exhibit 1**.

15.     The ten above-identified registrations are valid and in full force and effect and are *prima facie* proof of DuPont's exclusive rights to own and use the TEFLON® trademark.

16.     Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. § § 1058 and 1065, for nine of the ten registrations listed above in Paragraph 14, and accordingly each is incontestable.  The nine incontestable registrations are as follows: Registration Nos. 418,698; 559,331; 623,605; 676,166; 827,105; 1,111,147; 1,592,650; 2,601,355; and 3,206,677.

17.     DuPont's TEFLON® fluoropolymer products have been a tremendous commercial success.  Since 1944, DuPont has generated billions of dollars in revenue from the sale of TEFLON® products and the licensing of the TEFLON® mark.

18.     DuPont and its licensees have spent tens of millions of dollars in advertising and promotion of the TEFLON® mark, and products sold under the TEFLON® mark.

19.     Over the course of seventy years, the TEFLON® trademark has achieved an extraordinary level of fame and consumer recognition as a source identifier for DuPont's fluoropolymers.  The TEFLON® trademark has come to identify high quality and dependable products originating exclusively from DuPont and its licensees.

20.     DuPont's TEFLON® trademark is famous under the Lanham Act, 15 U.S.C. § 1125 *et seq.*, because "it is widely recognized by the general consuming public as a designation of source of the goods or services of the mark's owners."  Over 40 years ago, in *In re Miller*, 441 F.2d 689, 690 (C.C.P.A. 1971), the court referred to DuPont's goods as "well known under the trademark 'Teflon.'"  DuPont's TEFLON® trademark was famous long before Forespar made any use of "TEFLON" or "TEF."

21.     DuPont's TEFLON® trademark is both conceptually and commercially strong.  In *E.I. DuPont de Nemours & Co. v. Yoshida Int'l, Inc.*, 383 F. Supp. 502, 522 (E.D.N.Y. 1975), the court found that the TEFLON® trademark is "a strong trademark deserving of broad protection from infringement."

22.     Unsolicited media coverage has referred to "TEFLON, the well-known 'non-stick' plastic" (*New York Times,*, May 2, 1999), the "widely-recognized, 58-year-old Teflon brand" (*Chicago Tribune*, August 24, 2003), "well-known product lines like Teflon" (*The Detroit News*, December 12, 2007), and "such well-known monikers as Teflon" (*Atlanta Journal and Constitution*, May 5, 1996).

23.     DuPont's TEFLON® trademark is used for a wide range of goods, and, as the court found in *Yoshida Int'l*, "If DuPont's past history is any guide, . . . a reasonable possibility exists that the many uses of TEFLON in widely varied commercial applications may be expanded . . . ."  383 F. Supp. at 518.

24.     As a result of DuPont's longstanding use and promotion of the TEFLON® trademark, and as reflected in its incontestable trademark registrations, the consuming public and trade recognizes and associates the TEFLON® trademark with DuPont.  The TEFLON® trademark has acquired a high degree of public recognition and distinctiveness as a symbol of the source of high quality products offered by DuPont, and embodies a valuable reputation and goodwill belonging exclusively to DuPont.

## Forespar's Wrongful Conduct

25.     Forespar manufactures and distributes marine products.

26.     Since at least June 2011, Forespar has offered for sale marine products using "TEFLON" and/or "TEF," even though the products do not contain genuine TEFLON®

fluoropolymers or otherwise are not authorized to be sold under the TEFLON® trademark (the "Infringing Products"). Examples of Forespar's prominent use of "TEFLON" and "TEF" in connection with the sale of its products are attached collectively as **Exhibit 2**.

27.     The Infringing Products offered for sale by Forespar are not sponsored or endorsed in any way by DuPont. DuPont has no ability to control the quality of Forespar's products.

28.     Forespar's prominent, commercial uses of "TEFLON" and "TEF" have been and continue to be without authorization or permission from DuPont.

29.     Forespar's use of "TEFLON" and "TEF" in connection with the Infringing Products and Forespar's Website is likely to deceive, confuse, and mislead consumers into believing that the Infringing Products are made, sponsored, endorsed, or in some other manner authorized, by DuPont, which they are not. This is especially damaging with respect to those persons who perceive a defect or lack of quality in Forespar's Infringing Products. The likelihood of confusion, mistake, and deception engendered by Forespar's use of "TEFLON" and "TEF" is causing irreparable harm to the goodwill symbolized by the TEFLON® trademark and the reputation for quality that it embodies.

30.     Upon information and belief, Forespar knowingly, willfully, intentionally, and maliciously made and continues to make prominent use of "TEFLON" and "TEF" to exploit the commercial magnetism of the TEFLON® brand and falsely suggest that Forespar's Infringing Products are made, sponsored, or endorsed by DuPont.

31.     Forespar's actions are causing irreparable harm to DuPont and the public, and will continue to injure DuPont and the public unless enjoined by the Court. Forespar's wrongful acts will harm the goodwill associated with DuPont's TEFLON® brand, and result in injury that

cannot readily be quantified or recaptured.  Accordingly, DuPont and the public have a strong

interest in stopping Forespar's conduct.

32.     Upon learning of Forespar's inappropriate use of "TEFLON" and "TEF," DuPont

contacted Forespar demanding that it cease all use.  Because Forespar continues to make such

unauthorized use, DuPont was forced to file this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

33.     DuPont repeats and incorporates by reference the allegations in paragraphs 1

through 32.

34.     Forespar's use of "TEFLON" and "TEF" is likely to cause confusion, deception,

and mistake by creating the false and misleading impression that Forespar's goods are

manufactured or distributed by DuPont, are associated or connected with DuPont, or have the

sponsorship, endorsement, or approval of DuPont.

35.     Forespar is using not only a trademark that is confusingly similar to DuPont's

federally registered TEFLON$^{®}$ trademark, but also the identical mark, in violation of 15 U.S.C. §

1114.  Forespar's activities have caused and, unless enjoined by this Court, will continue to

cause a likelihood of confusion and deception of members of the trade and public and,

additionally, injury to DuPont's goodwill and reputation as symbolized by the TEFLON$^{®}$

trademark, for which DuPont has no adequate remedy at law.

36.     Forespar's actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with DuPont's TEFLON$^{®}$ trademark to DuPont's great and

irreparable injury.

37.     Forespar has caused and is likely to continue causing substantial injury to the

public and substantial, irreparable harm to DuPont, and DuPont is entitled to injunctive relief and

to recover Forespar's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125, 1116 and 1117.

### SECOND CLAIM FOR RELIEF
**(Federal Unfair Competition)**

38.     DuPont repeats and incorporates by reference the allegations in paragraphs 1 through 32.

39.     Forespar's use of "TEFLON" and "TEF" has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Forespar's goods are manufactured and distributed by DuPont, or affiliated, connected, or associated with DuPont, or have the sponsorship, endorsement, or approval of DuPont.

40.     Forespar has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Forespar's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and injury to DuPont's goodwill and reputation as symbolized by the TEFLON® trademark, for which DuPont has no adequate remedy at law.

41.     Forespar's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with DuPont's TEFLON® trademark to the great and irreparable injury of DuPont.

42.     Forespar's conduct has caused, and is likely to continue causing, substantial injury to the public and to DuPont, and DuPont is entitled to injunctive relief and to recover Forespar's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution)**

43.     DuPont repeats and incorporates by reference the allegations in paragraphs 1 through 32.

44.     DuPont has extensively and continuously promoted and used the TEFLON® trademark both in the United States and throughout the world.  The TEFLON® trademark became a famous and well-known symbol of DuPont's goods and services well before Forespar offered for sale the Infringing Products.

45.     Forespar is making trademark use in commerce that dilutes and is likely to dilute the distinctiveness of DuPont's TEFLON® trademark by eroding the public's exclusive identification of the famous mark with DuPont and otherwise lessening the capacity of the TEFLON® trademark to identify and distinguish DuPont's goods and services.

46.     Forespar has caused and will continue to cause irreparable injury to DuPont's goodwill and business reputation, and dilution of the distinctiveness and value of DuPont's famous and distinctive TEFLON® trademark in violation of 15 U.S.C. § 1125(c).  DuPont therefore is entitled to injunctive relief and to Forespar's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**

47.     DuPont repeats and incorporates by reference the allegations in paragraphs 1 through 32.

48.     DuPont has extensively and continuously promoted and used DuPont's TEFLON® trademark in the United States and the mark has become a distinctive and well-known symbol of DuPont's goods and services.

49.     Forespar's unauthorized use of "TEFLON" and "TEF" dilutes and is likely to dilute the distinctiveness of DuPont's TEFLON® mark by eroding the public's exclusive identification of the distinctive and well-known TEFLON® trademark with DuPont.

50.     Forespar's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with DuPont's TEFLON® trademark.

51.     Forespar is causing and will continue to cause irreparable injury to DuPont's goodwill and business reputation in violation of DEL. ANN. CODE tit. 6, § 3313, and the laws of several States.

## PRAYER FOR RELIEF

WHEREFORE, DuPont prays for judgment against Forespar as follows:

A.     Forespar and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, though, or under authority from Forespar, or in concert or participation with Forespar, be enjoined permanently, from:

1. using the TEFLON® trademark, the TEF trademark, or any other copy, reproduction, or confusingly similar imitation or simulation of the TEFLON® trademark on or in connection with Forespar's goods or services;

2. using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Forespar's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly

similar to, the trademarks, trade dresses, service marks, names, or logos of DuPont;

3.  using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Forespar's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by DuPont, or are sponsored or authorized by or in any way connected or related to DuPont;

4.  using any trademark, trade dress, service mark, name, logo, design, or source designation of any kind on or in connection with Forespar's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, trade dresses, service marks, names, or logos of DuPont; and

5.  passing off, palming off, or assisting in passing off or palming off, Forespar's goods or services as those of DuPont.

B.     Forespar be ordered to cease offering for sale, marketing, promoting, and selling, and to recall and retrieve all products bearing the TEFLON® trademark, the "TEF" trademark, or any other confusingly similar variation of the TEFLON® trademark, which are in Forespar's possession or have been shipped by Forespar or under its authority, to any store or customer, including but not limited to, any wholesaler, distributor, distribution center, retail store, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Forespar;

C.     Forespar be ordered to deliver up for impoundment and for destruction, all products, packaging, bags, boxes, labels, tags, signs, receptacles, advertising, promotional material, stationary, or other materials in the possession, custody, or under the control of

Forespar that bear the TEFLON® trademark, the TEF trademark, or any other confusingly similar variation;

D.      Forespar be compelled to account for and disgorge to DuPont any and all profits derived by Forespar from the sale or distribution of infringing goods as described in this Complaint;

E.      DuPont be awarded all damages caused by the acts forming the basis of this Complaint;

F.      Based on Forespar's knowing and intentional use of DuPont's federally registered TEFLON® trademark and a confusingly similar variation, the damages awarded be trebled and the award of Forespar's profits be enhanced in accordance with the provisions of 35 U.S.C. § 284 and/or 15 U.S.C. § 1117(a) and (b);

G.      Forespar be required to pay DuPont the costs and reasonable attorneys' fees incurred by DuPont in this action pursuant to 15 U.S.C. § 1117(a);

H.      Forespar be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

I.      DuPont have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DuPont respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William H. Brewster
Jessica A. Pratt
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Tel:  (404) 815-6500


Dated:  December 30, 2014
1176541 / 20120-

By:    */s/ Richard L. Horwitz*
       Richard L. Horwitz (#2246)
       David E. Moore (#3983)
       Bindu A. Palapura (#5370)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       Wilmington, DE  19801
       Tel:  (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com
       bpalapura@potteranderson.com

*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*